IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

---

MICHAEL JAGNATH, As Administrator )
of the Estate of SHARMILA NARINE )
)
)
Plaintiff )
)
)
-against- )
)
SCHENECTADY FAMILY HEALTH SERVICES, INC. )
SCHENECTADY FAMILY HEALTH SERVICES, INC. )
D/B/A HOMETOWN HEALTH CENTERS, )
DAVID S. SKORY, M.D., )
UNITED STATES OF AMERICA, and UNITED )
STATES DEPARTMENT OF HEALTH AND )
HUMAN SERVICES )
)

---

## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S CLAIMS AGAINST SCHENECTADY FAMILY HEALTH SERVICES, INC., SCHENECTADY FAMILY HEALTH SERVICES, INC. D/B/A HOMETOWN HEALTH CENTERS, DAVID B. SKORY, M.D. AND THE UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES

Defendants, the Schenectady Family Health Services, Inc., Schenectady Family Health Services, Inc., d/b/a Hometown Health Centers, David B. Skory, M.D. and the United States Department of Health and Human Services, by their counsel, RICHARD S. HARTUNIAN, United States Attorney for the Northern District of New York, and Cathleen B. Clark, Assistant U.S. Attorney, of counsel, hereby respectfully submit this memorandum of law in support of their Motion to dismiss plaintiff's claims against them and to substitute the United States for plaintiff's claims against them - as the United States is the only proper Defendant in this action.

## PRELIMINARY STATEMENT

On or about August 10, 2015, plaintiff commenced this wrongful death action in the United States District Court for the Northern District of New York, alleging medical negligence in the care and treatment provided to plaintiff's decedent, Sharmila Narine. *See* Docket No. 1. In addition to naming the United States as a defendant, plaintiff named the following parties: Schenectady Family Health Services, Inc., Schenectady Family Health Services, Inc., d/b/a Hometown Health Centers, David B. Skory, M.D. and the United States Department of Health and Human Services. *Id.* As set forth in Defendants' accompanying Motion, at all relevant times, Dr. Skory was an employee of Schenectady Family Health Services, Inc., a grantee of the U.S. Department of Health and Human Services, an agency of the United States. *See* **Exhibits A** and **B**, attached to Defendants' Motion to Dismiss. In their Motion, Defendants, Dr. Skory, Schenectady Family Health Services, Inc., and the Department of Health and Human Services seek to have plaintiff's claims against them dismissed, with the only proper Defendant being the United States of America.

Pursuant to 42 U.S.C. § 233(g), the Department of Health and Human Services has deemed Schenectady Family Health Services, Inc. to be a covered public health service facility, and pursuant to 28 U.S.C. § 2679(d)(1) the Office of the United States Attorney has certified that at all times alleged in the plaintiff's Complaint David S. Skory, M.D. was acting within the scope of his employment as a health care provider with Schenectady Family Health Services, Inc. *See* **Exhibits A** and **B**, attached to Defendants' Motion to Dismiss. Accordingly, the plaintiff's exclusive remedy is an action under the Federal Tort Claims Act against the United States and the other named parties must be dismissed. *See* 42 U.S.C. § 233(a).

## ARGUMENT

### I.   Plaintiff's Exclusive Remedy is an Action Against the United States

42 U.S.C. § 233(a) provides that:

> "[t]he remedy against the United States ... for damage for personal injury, including death, resulting from the performance of medical, surgical, dental or related functions . . . by any commissioned office or employee of the Public Health Service while acting within the scope of his office or employment, shall be exclusive of any other civil action or proceeding by reason of the same subject matter against the officer or employee(or his estate) whose act or omission gave rise to the claim.

42 U.S.C. § 233(g) provides a mechanism for certain entities (and their employees) which receive federal grants under one of four designated statutory programs to be deemed employees of the Public Health Service for purposes of the exclusive remedy provision of § 233(a). One such category of entities is "community health centers," such as Schenectady Family Health Services, Inc. *Koehler v. Cortland Memorial Hospital*, 65 F. Supp.2d 103, 106 (N.D.N.Y. 1999). Here, Schenectady Family Health Services, Inc. is an entity that was deemed eligible for Federal Tort Claims Act coverage effective August 16, 1994 through December 31, 2013, and that coverage has continued without interruption since that time. *See* **Exhibit A** to Defendants' Motion to Dismiss. This time period covers the time frame of the alleged negligence set forth in plaintiff's Complaint. *See* Docket No. 1.

42 U.S.C. § 233(c) provides that upon certification by the Attorney General[1] that an individual defendant was acting within the scope of his or her federal employment at the relevant

---

[1] United States Attorneys have been authorized to make certifications with respect to civil actions or proceedings brought against federal employees. 28 C.F.R. § 15.3(a)(1996).

3

time, the action is to be "deemed a tort action brought against the United States under the provisions of Title 28 and all references thereto." *Koehler*, 65 F. Supp.2d at 106. Indeed, "[u]pon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such claim in a United States district court ***shall*** be deemed an action against the United States… and the United States ***shall*** be substituted as the party defendant." 28 U.S.C. § 2679(d)(1) (emphasis supplied). In accordance with this statute, the Attorney General's designee certified that at all times relevant to Plaintiff's Complaint, Defendant, Dr. Skory, was acting within the scope of his employment as a deemed employee of the United States of America. *See* **Exhibit B** to Defendants' Motion to Dismiss. Therefore, the United States must be substituted as the Defendant for Dr. Skory.

Based upon the above, plaintiff's sole remedy with respect to any claims based upon alleged acts or omissions by Schenectady Family Health Services, Inc. and/or its covered employee, Dr. Skory, are deemed "tort action[s] brought against the United States." *Koehler*, 65 F.Supp.2d at 106; *Apple v. Jewish Hospital and Medical Center*, 570 F.Supp. 1320, 1322 (E.D.N.Y. 1993). *See also McMullen v. Herschberger*, 1993 WL 6219 at *2 (S.D.N.Y. 1993) *citing Kentucky v. Graham*, 473 U.S. 159, 166(1985) (noting claims against an officer of the United States acting in his official capacity "are, in essence, a suit against the United States.") Additionally, under 28 U.S.C. § 2679(b)(1), the Department of Health and Human Services is not a properly named defendant in this Federal Tort Claims Act case and should also be dismissed.

4

WHEREFORE, for the foregoing reasons, Schenectady Family Health Services, Inc., Schenectady Family Health Services, Inc., d/b/a Hometown Health Centers, David B. Skory, M.D. and the United States Department of Health and Human Services respectfully request that the plaintiff's claims against them be dismissed and that this action proceed against the United States as the sole remaining Defendant.

Dated: October 15, 2015

RICHARD S. HARTUNIAN
United States Attorney
James T. Foley U.S. Courthouse
445 Broadway
Room 218
Albany, NY 12207

By: *Cathleen B. Clark*
Cathleen B. Clark
Assistant U.S. Attorney
Bar Roll No. 516792

5